IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-00509

M. JAMES NASUTI,

    Plaintiff,

v.

WHOLE FOODS MARKET a/k/a WFM-WO, INC.,

    Defendant.

## NOTICE OF REMOVAL

Defendant Whole Foods Market a/k/a WFM-WO, Inc. ("WFM"), through undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the state court action captioned *M. James Nasuti v. Whole Foods Market, a/k/a WFM-WO, Inc.*, Civil Action No. 2019CV000033, filed in the District Court of the County of El Paso, Colorado to the United States District Court for the District of Colorado.

In support of removal, WFM states as follows:

**I.    OVERVIEW**

On or about February 8, 2019, Plaintiff commenced this action by filing a complaint alleging violations of the Colorado Anti-Discrimination Act ("CADA") and federal "Civil RICO," 18 U.S.C. § 1962(c), in the District Court of El Paso County, assigned case number 2019CV000033. He then filed an amended complaint on February 14, 2019.

Plaintiff alleges, generally, that WFM discriminated against him on the basis of age by failing to hiring him for a number of positions to which he applied over a number of years.

*Complaint for Damages and Jury Demand*, ¶¶62-63, **Exhibit F**.  He also sets out what he alleges is a "pattern of racketeering activity" and "wire fraud" by WFM to deceive Plaintiff, and WFM's employees and potential employees, as to the use of "Whole Foods" trade names, in order to carry out age discrimination in employment.  *Id.* at ¶43-60.

As set forth more fully below, this is a proper case for removal to this Court pursuant to 28 U.S.C. § 1441 because the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, and WFM has satisfied the procedural prerequisites for removal.

**II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1367 AND 1441.**

As the party seeking removal, WFM bears the burden of proving by a preponderance of evidence that the requirements for subject-matter jurisdiction are satisfied.  *McPhail v. Deere & Co.,* 529 F.3d 947, 953 (10th Cir. 2008).  As shown below, WFM has met that burden, on two separate jurisdictional grounds: (1) federal question and supplemental jurisdiction, and (2) diversity jurisdiction.

    **A.   Plaintiff has alleged a cause of action "arising . . . under the laws" of the United States.**

As explained above, one of the two causes of action in the Complaint is for "Civil RICO," arising under 18 U.S.C. § 1962(c), which is federal law.  **Exhibit F** at ¶ 44.  Accordingly, this Court has subject-matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

**B.     The Court may exercise supplemental jurisdiction over Plaintiff's CADA claim.**

The Court may exercise supplemental jurisdiction over the second cause of action in the Complaint, which alleges violations of CADA, pursuant to 28 U.S.C. § 1367. The allegations made by Plaintiff with regard to the CADA claim arise directly out of the same transactions and occurrences that Plaintiff alleges constitute "Civil RICO." **Exhibit F** at ¶¶ 46-51. In the interests of "judicial economy, convenience, fairness, and comity," the Court should exercise its discretion to decide Plaintiff's CADA claim. *See Neilander v. Board of County Com'rs of County of Republic, Kan.*, 582 F.3d 1155, 1172 (10th Cir. 2009).

**C.     Complete diversity of citizenship exists in this case.**

Furthermore, this Court independently has jurisdiction over the Plaintiff's claims based on diversity jurisdiction under 28 U.S.C. § 1332. The Parties are completely diverse. Plaintiff is a resident of the state of Colorado, residing at 6450 North Academy Blvd., Colorado Springs, Colorado, 80918. **Exhibit F** at ¶ 3. WFM is a Delaware corporation with its principal office at 550 Bowie Street, Austin, Texas 78703. *Id.* at ¶ 4; Colorado Secretary of State Report, **Exhibit B**. Thus, WFM is a citizen of Delaware and Texas for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c).

**D.     Amount in controversy exceeds $75,000 exclusive of costs and interest.**

The "amount in controversy" is measured by the value of the object of the litigation, exclusive of interest and costs. *Baker v. Sears Holding Corp.*, 557 F.Supp.2d 1208, 1212 (D.Colo. 2007). The amount in controversy is "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). Accordingly, "documents that demonstrate Plaintiff's own estimation of its claim are a

proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *Id.*

Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), "the notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment, but the State practice...does not permit demand for a specific sum." In Colorado, a plaintiff may not state a demand for a specific dollar amount in the complaint. C.R.C.P. 8(a) ("No dollar amount shall be stated in the prayer or demand for relief"). Notwithstanding, in the prayer for relief, Plaintiff seeks $100,000 in back pay for two years and $100,000 in liquidated damages, for a total of $200,000. **Exhibit F** at 27. He also seeks treble damages under 18 U.S.C. § 1964, which would amount to $300,000, as well as $10 million for a proposed Trust Account for other victims titled "The Whole Foods Market Racketeering-Relief Victims Claim Fund." *Id.* at 30.

As evidenced by the allegations in the Complaint and the categories of damages claimed by Plaintiff, WFM has met its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

### III.   NOTICE OF REMOVAL IS TIMELY.

In general, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

Here, Plaintiff served WFM with his original complaint by process server to WFM's registered agent for service of process on February 15, 2019. *See* Return of Service, **Exhibit C**. WFM has 30 days from the service date, or until March 18, 2019, to remove this case. Accordingly, this Notice of Removal is timely.

### IV.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

In addition to satisfying the jurisdictional and timing requirements, WFM has also satisfied all other procedural requirements for removal:

1. The District Court of El Paso County, Colorado is located within the District of Colorado. *See* 28 U.S.C. § 1441(a).

2. No previous application has been made for the relief requested in this notice.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings, process and orders received by WFM are identified as follows:

> **Exhibit A**:  Complaint
>
> **Exhibit C***:  Return of Service[1]
>
> **Exhibit D:**  Summons
>
> **Exhibit E**:  District Court Civil Case Cover Sheet
>
> **Exhibit F**:  First Amended Complaint
>
> **Exhibit G:**  Motion for Limited Early Discovery

Pursuant to D.C.COLO.L.CivR 81.1 a copy of the register of actions from El Paso County District Court is also attached as **Exhibit H**. Pursuant to 28 U.S.C. § 1446(d), a copy of

---

[1] Defendant has not yet received the service copy of this document. Defendant will file the exhibits associated with this document upon receipt.

this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the El Paso District Court.

4. A Civil Cover Sheet, with attachment, and a Supplemental Civil Cover Sheet for Notices of Removal have been filed contemporaneously with this Notice of Removal.

WHEREFORE, WFM respectfully removes this action from the District Court in and for the County of El Paso, bearing Case Number 2019CV000033, to this Court.

## JURY TRIAL DEMANDED

Dated February 20, 2019

<u>s/ Laurie J. Rust</u>
Laurie J. Rust
Grace L. McGuire
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone:  303.629.6200
Fax:             303.629.0200
Email: lrust@littler.com
           gmcguire@littler.com

*Attorneys for Defendant Whole Foods Market a/k/a WFM-WO, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February, 2019, I filed the foregoing **NOTICE OF REMOVAL** using the Court's CM/ECF filing system, and served the following party by First Class U.S. Mail:

M. James Nasuti
6450 North Academy Boulevard
Colorado Springs, CO  80918

*Plaintiff*

*s/ Joanna Fox*_____
Joanna Fox, Legal Secretary

FIRMWIDE:162541619.1 099817.1015