# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Case No. 19-cv-00509-RM-KMT

M. JAMES NASUTI,

    Plaintiff,

v.

WHOLE FOODS MARKET a/k/a WFM-WO, INC.,

    Defendant.

---

## ORDER

---

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 21) in which he argues two bases for remand. The Court finds no response is required before ruling. *See* D.C.COLO.LCivR 7.1(c) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). Upon consideration of the record and applicable law, and being otherwise fully advised, both arguments are rejected.

Defendant removed this action to this court based on federal question jurisdiction[1] *and* diversity jurisdiction. Plaintiff has attacked only the second basis – diversity jurisdiction. But, Defendant needs to show only one of the two bases exists. And, upon review, the Court finds federal question jurisdiction exists.[2] *See Amazon, Inc. v. Dirt Camp, Inc.,* 273 F.3d 1271, 1276

---

[1] With supplemental jurisdiction over Plaintiff's state cause of action.
[2] In addition, facially, the Court finds Defendant has sufficiently alleged jurisdiction based on diversity of citizenship.

(10th Cir. 2001) ("A federal court has an independent obligation to examine its own jurisdiction."). Therefore, Plaintiff's request to remand based on his first argument is rejected.

Plaintiff's second argument is also rejected. Plaintiff asserts remand is required because the attorney who signed the Notice of Removal did not file an entry of appearance prior to filing such notice. And, further, Plaintiff contends, the attorney's signature failed to comply with Rule 5(a)(3)(c).[3] But, Plaintiff fails to show such matters are *jurisdictional*, i.e., that it would serve to deprive this court of subject matter jurisdiction. The Court finds they are not. Further, the Court finds Defendant's counsel did not fail to comply with the applicable rules. Under D.C.COLO.LAttyR 5(a)(1), "[u]nless otherwise ordered, an attorney shall not appear in a matter before the court unless the attorney has…signed and filed a pleading or document." Here, the attorney has signed and filed a document, i.e., the Notice of Removal and, further, there is order requiring "otherwise." And, under Rule 5(d)(3)(C), "[a] filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature." The Notice of Removal contains such a signature block.

In reviewing Plaintiff's papers, the Court is mindful that he appears pro se; therefore, the Court should review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). Nonetheless, Plaintiff's pro se status does not entitle him to application of different rules of civil procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, the

---

[3] The Court assumes Plaintiff means Rule 5(d)(3)(C).

Court reminds Plaintiff that his filings should be warranted and properly supported. *See* Fed. R. Civ. P. 11(b). Plaintiff's failure to do so may result in his filings being summarily denied without substantive discussion.

It is therefore ORDERED that Plaintiff's Motion to Remand (ECF No. 21) is DENIED.

DATED this 1st day of March, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge