# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 19-cv-00509-RM-KMT

M. JAMES NASUTI,

      Plaintiff,

v.

WHOLE FOODS MARKET a/k/a WFM-WO, INC.,

      Defendant.

---

## ORDER

---

This matter is before the Court on Defendant's Notice of Motion to Consolidate (ECF No. 19), which advises that a Motion to Consolidate was filed in Civil Action No. 18-cv-03295-RM-KMT (*Nasuti I*) (*Nasuti I*, ECF No. 34) seeking to consolidate this Civil Action No. 19-cv-00509-RM-KMT (*Nasuti II*) with *Nasuti I*. Both cases were removed from state court to this federal court. The Court takes judicial notice of the record in *Nasuti I*. Upon consideration of the record in both cases and applicable law, and being otherwise fully advised, the Court issues an order to show cause as to why this action – *Nasuti II* – should not be dismissed for violation of the stay order in *Nasuti I* and for improper claim splitting.

There are now two complaints by the same Plaintiff against the same Defendant in the same court arising from the same core set of facts from which these actions arise – Defendant's alleged employment discrimination. *Nasuti I*, the first filed case, has been stayed pending resolution of Plaintiff's motion to remand and Defendant's motion to dismiss. Plaintiff's motion to remand has been denied; Defendant's motion to dismiss remains pending. Unhappy with the

stay ordered in *Nasuti I*, Plaintiff filed a *second* action in state court, *Nasuti II*, which Defendant

removed to this court.  Plaintiff explained his action as follows:

> As Plaintiff has been summarily barred from early, informal and Rule 26
> discovery, the Court has placed him in a bind.  Plaintiff has, in just the last few
> days, discovered a new way **to evade the discovery ban** and creatively name other
> likely Defendants using Colorado law.

(*Nasuti I*, ECF No. 31, p. 3 n.1 (emphasis added).)  Such action will not be countenanced.

The Court finds that Plaintiff's actions are an intentional violation of this court's

stay order in *Nasuti I* and that Plaintiff is improperly splitting his cause of action, which

this Court raises *sua sponte*, *Alyeska Pipeline Serv. Co. v. United States*, 688 F.2d 765,

771 (Ct. Cl. 1982).  Under either scenario, *Nasuti II* is subject to dismissal.

Pursuant to D.C.COLO.LCivR 41.1, "[a] judicial officer may issue an order to

show cause why a case should not be dismissed for … failure to comply with these rules,

the Federal Rules of Civil Procedure, or a court order.  If good cause is not shown, a

district judge … may enter an order of dismissal with or without prejudice."  By his own

admission, Plaintiff filed *Nasuti II* to "evade" the stay ordered in *Nasuti I*.

But, that is not the only concern raised by Plaintiff's actions.  "District courts

have discretion to control their dockets by dismissing duplicative cases." *Katz v.*

*Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011).  "The rule against claim-splitting requires

a plaintiff to assert all of its causes of action arising from a common set of facts in one

lawsuit.  By spreading claims around in multiple lawsuits in other courts or before other

judges, parties waste 'scarce judicial resources' and undermine the efficient and

comprehensive disposition of cases.'" *Katz*, 655 F.3d at 1217 (quoting *Hartsel Springs*

*Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002)). *See Stone*

*v. Dep't of Aviation*, 453 F.3d 1271, 1278 (10th Cir. 2006) ("Critically, that doctrine

requires a plaintiff to join all claims together that the plaintiff has against the defendant *whenever during the course of the litigation related claims mature* and are able to be maintained." (emphasis in original)).

Thus, if Plaintiff wished to amend his complaint, he should and could have sought relief from the stay to do so.[1] He did not. Instead, he apparently contends that any claim splitting argument has been waived by Defendant.[2] The Court finds the issue remains alive.

In summary, in light of the foregoing, the Court finds the complaint in *Nasuti II* is subject to dismissal. *Katz, supra* (affirming district court's dismissal based on improper claim splitting); *see Stone*, 453 F.3d at 1279 (recognizing "*plaintiff's* obligation to assert claims arising out of the same transaction continues throughout the course of the litigation" (emphasis added)).

It is therefore ORDERED

(1) That on or before Friday, March 29, 2019, Plaintiff shall SHOW CAUSE why this action should not be dismissed due to his violation of the stay order in *Nasuti I* and due to improper claim splitting of his case;

(2) That this action is stayed for all purposes other than a determination of the show cause order;

(3) That any party seeking relief from the stay for any reason must: (i) file a motion for relief from the stay; and (ii) attach any motion he/it wishes to file

---

[1] That is not to say that any amendment would have been, or would be, allowed absent a showing of compliance with all applicable federal and local rules and that leave to amend should be given.
[2] *Nasuti I*, ECF No. 31, p. 1 n.1.

in this case for consideration. The failure to do so will result in the motion

being summarily denied;

(4) That the parties shall comply with all applicable rules and law relevant to any

motion they seek to file, including meaningful conferral. Absent exigent

circumstances, requesting the opposing party if he/it has any objection to a

motion on the date in which the motion is filed does not constitute meaningful

conferral and such motion will be summarily denied; and

(5) That Defendant's Motion to Stay Proceedings or, in the Alternative, for

Extension of Time to File Responsive Pleading (ECF No. 25) is denied

without prejudice as moot.

DATED this 18th day of March, 2019.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge