# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 19-cv-00509-RM-KMT

M. JAMES NASUTI,

    Plaintiff,

v.

WHOLE FOODS MARKET a/k/a WFM-WO, INC.,

    Defendant.

___

## ORDER OF DISMISSAL WITHOUT PREJUDICE
___

This matter is before the Court on Plaintiff's response (ECF No. 27) to the Court's Order (ECF No. 26) to show cause why this action (*Nasuti II*) should not be dismissed for violation of the stay order issued in 18-cv-03295-RM-KMT (*Nasuti I*) and for improper claim splitting. Plaintiff raises several arguments in response, which the Court considers – and rejects – in turn.

First, Plaintiff appears to argue dismissal would be improper because he has a Rule 65 motion pending which seeks a preliminary and/or final RICO injunction. Plaintiff's argument misses the mark – the issue is not what motions may be pending but, rather, whether this case was improperly brought in the first instance. Further, Plaintiff argues if this Court dismisses this action, then it should do so as a denial of the Rule 65 motion. But, any dismissal would render

the Rule 65 motion moot.[1] Thus, Plaintiff's arguments fail to show that dismissal is not warranted.[2]

Next, Plaintiff asserts the Order is somehow an abuse of this Court's authority. Plaintiff is a licensed attorney but provides no facts or legal authority to show it is so. On the contrary, D.C.COLO.LCivR 41.1 (cited in the Order) specifically authorizes the Court to issue show cause orders. Moreover, it is well recognized that federal courts have inherent authority "to impose sanctions to regulate their docket, promote judicial efficiency and to deter frivolous filings." *E.g.*, *Schwarz v. F.B.I.*, 1998 WL 667643, *3, 161 F.3d 18 (10th Cir. 1998) (Table Decision) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980); *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986)); *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1234 n.2 (10th Cir. 2018) (recognizing inherent powers of federal court to sanction a party, including awarding attorney's fees); *Xyngular v. Schenkel*, 890 F.3d 868, 873 (10th Cir. 2018), cert. denied sub nom. *Schenkel v. Xyngular Corp.*, 139 S. Ct. 803 (2019) (Stating a district court "may exercise its inherent powers to sanction bad-faith conduct that abuses the judicial process, including pre-litigation acts that directly affect a lawsuit."). And, on this record, the Court finds the sanction of dismissal without prejudice is warranted.[3]

---

[1] To the extent Plaintiff seeks recusal of this Court, his cursory reference without supporting facts or legal authority fails to support any such request. Moreover, the Court has reviewed the record and finds no basis to support its disqualification.

[2] In addition, Plaintiff makes a number of assertions in his response which are devoid of reality-based facts. They merit no discussion.

[3] To the extent Plaintiff contends that dismissal of this case somehow effectively terminates both cases, e.g., in effect a dismissal with prejudice, the Court considers the non-exhaustive factors identified in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) and is satisfied they warrant dismissal here. First, the Court finds Defendant has been prejudiced by having to defend against a second action based on the same alleged conduct. Next, Plaintiff's interference with the judicial process is substantial – the court has limited judicial resources and should not have to expend them dealing with duplicative actions. Third, the culpability of Plaintiff – here, Plaintiff admitted he filed *Nasuti II* to evade the stay order. Further, Plaintiff's argument that *Nasuti II* is justified based on a motion ban is specious when, as notwithstanding any claimed ban, he filed a motion to recaption in *Nasuti I*.

Third, Plaintiff argues his actions in filing this lawsuit – *Nasuti II* – does not violate the Magistrate Judge's stay order in *Nasuti I*. The Court would agree but for Plaintiff's *admitted rationale* for filing *Nasuti II* – to "evade the discovery ban"[4] in *Nasuti I*.

Fourth, Plaintiff contends because he openly admitted his intent to evade the discovery ban ordered in *Nasuti I before* he filed *Nasuti II*, this Court somehow "approv[ed]" the filing of *Nasuti II*. In other words, Plaintiff contends this Court implicitly or tacitly gave Plaintiff free reign to ignore the Magistrate Judge's stay order. This contention is specious; there was no implicit or tacit imprimatur of any such conduct.

Finally, Plaintiff argues that if the Court dismisses *Nasuti II*, it must then dismiss *Nasuti I*, as it is allegedly too late to "add correct Defendants" to *Nasuti I*. Plaintiff provides neither facts nor legal authority to support this argument.[5] Further, Plaintiff argues the stay order in *Nasuti I* barred him from amending[6] but the record shows otherwise. The Court's show cause order stated if Plaintiff wished to amend, he should and could have sought leave to do so in *Nasuti I*, but did not. While that is true *before* Plaintiff filed *Nasuti II*, the record shows Plaintiff did seek to do so *after* the filing of *Nasuti II* showing he was well aware the stay order did not constitute a wholesale motion ban in *Nasuti I*. (*Nasuti I*, ECF No. 35 (Plaintiff's "motion to recaption").) And, Plaintiff's request to amend in *Nasuti I* was denied not because of any motion

---

Fourth, Local Rule 41.1 specifically contemplates the Court may issue a show cause order, the Court provided a notice of its intent to dismiss in that order, and Plaintiff was given an opportunity to show why his case should not be dismissed. Plaintiff fails to do so. Finally, the Court finds no lesser sanction would be effective. If the Court were to consolidate the two actions, that is tantamount to no sanction at all. Plaintiff would be allowed a second action.

[4] *Nasuti I*, ECF No. 31, p. 3 n.1
[5] The Court notes that Defendant's Motion to Dismiss filed in *Nasuti I* is based on failure to sufficiently allege a cognizable claim and not, for example, failure to join a party.
[6] Contending that Defendant "was able to get a discovery and then a motion ban" and, therefore, Plaintiff "could not amend [his] federal pleading." (*Nasuti II*, ECF No. 24-1, ¶¶ 18, 19.)

3

or amendment ban but because Plaintiff failed to comply with the applicable rules and meet the applicable standards for amendment. (*Nasuti I*, ECF No. 39 (order denying leave to recaption or amend).) Finally, if Plaintiff wishes to dismiss *Nasuti I*, there are mechanisms by which he may do so. That decision is his.

The Court's inquiry, however, does not end with what Plaintiff raises or addresses in his response. Instead, what is telling is what Plaintiff *fails* to address. The Order also directed Plaintiff to address claim splitting but his response here is wanting. As stated in the Order, there are now two complaints by the same Plaintiff against the same Defendant[7] in the same court arising from the same core set of facts from which these actions arise – Defendant's alleged employment discrimination. Plaintiff's response fails to show why this Court should not dismiss *Nasuti II* as a duplicative case. Under the applicable law, the Court finds Plaintiff's filing of *Nasuti II* is subject to dismissal as it wastes scarce judicial resources and undermines the efficient and comprehensive disposition of cases. *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("District courts have discretion to control their dockets by dismissing duplicative cases."); *see Stone v. Dep't of Aviation*, 453 F.3d 1271, 1278 (10th Cir. 2006) ("Critically, that doctrine requires a plaintiff to join all claims together that the plaintiff has against the defendant *whenever during the course of the litigation related claims mature* and are able to be maintained." (emphasis in original)).

---

[7] To the extent Plaintiff may contend they are "different" defendants, it is rejected. In *Nasuti I*, the defendant is "WFM-WO, Inc., d/b/a Whole Foods Market, one Whose True Name is Unknown" while in *Nasuti II* the named defendant is "Whole Foods Market, a/k/a WFM-WO, Inc., a Collective Trade Name for Others Whose Iden[ti]ties are Unknown." The only legal entity identified is WFM-WO, Inc.; a trade name is not subject to suit. *Reynolds v. Automobile Club of Mo.*, 561 F. App'x 559 (7th Cir. 2014) (mem.) (citing *Schiavone v. Fortune*, 477 U.S. 21 (1986)); *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 634 n.2 (4th Cir. 2002) (collecting cases).

The Court needs go no further. For the reasons elucidated above, it is ORDERED

(1) That the Order to show cause (ECF No. 26) is made ABSOLUTE;

(2) That this action is dismissed without prejudice and the Clerk shall enter judgment accordingly; and

(3) That the Clerk shall close this case.

DATED this 3rd day of April, 2019.

                                        BY THE COURT:

                                        _____
                                        RAYMOND P. MOORE
                                        United States District Judge